IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KAREEM MASSAL,

                    Plaintiff,

v.                                         Case No. 22-cv-378-NJR

IDOC MENARD STAFF,

                    Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Kareem Massal, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, originally filed his Complaint pursuant to 42 U.S.C. § 1983 on March 1, 2022 (Doc. 1). The Court dismissed his original Complaint without prejudice because it was indecipherable and illegible (Doc. 10). The Court instructed Massal to file an Amended Complaint by April 28, 2022 (*Id.*).

On April 5, 2022, Massal submitted a letter to the Court which appeared to be an attempt to set forth his claims (Doc. 11). The Court noted that it could not construe the letter as an Amended Complaint because it did not identify any defendants (Doc. 12). The Court granted Massal additional time to submit an Amended Complaint and sent him a Section 1983 Complaint form to aid him in drafting an Amended Complaint. The new deadline for submitting an Amended Complaint was May 12, 2022. As of this date, Massal has not submitted an Amended Complaint.

The Court will not allow this matter to linger indefinitely. Accordingly, this action is **DISMISSED with prejudice** based on Massal's failure to comply with the Court's Order to file a First Amended Complaint and failure to prosecute his claims (Doc. 10, p. 4). Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

If Massal wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   May 24, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**